**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF WASHINGTON
UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101

**ROBERT S. LASNIK**
DISTRICT JUDGE                                                                                              (206) 370-8810

May 11, 2017

Markus B.G. Oberg                         Philip Grennan
Le Gros Buchanan & Paul                   Wood, Smith, Henning & Berman LLP
4025 Delridge Way SW, Suite 500           520 Pike Street, Suite 1525
Seattle, WA 98106                         Seattle, WA 98101

**Delivered Via CM/ECF**

    RE:    <u>Kirby Offshore Marine Pacific, LLC v. Emerald Services, Inc.</u>,
           C17-0224RSL, Stipulated Protective Order

Dear Counsel:

On May 2, 2017, the Court received your proposed "Stipulated Protective Order." Dkt. # 17.

Pursuant to Fed. R. Civ. P. 26(c), protective orders may be entered to protect parties from annoyance, embarrassment, or undue burden or to protect confidential commercial information. Such protective orders may issue upon a showing of good cause.

Although parties may agree on confidentiality among themselves, when they request that the Court be involved, the proposed order must be narrowly drawn, identifying both the type of information that is to be protected and, if not obvious, the reason such protection is warranted. The order must also comply with the applicable federal and local procedural rules.

The agreed protective order submitted in this case is deficient in the following respects:

> The proposed order is too broad and gives too much discretion to the parties
> to designate information as "confidential." The order identifies trade secrets
> as a type of document that may be protected from public view, but that

category is simply an example and does not limit the scope of the order. Rather, the parties essentially seek protection for any non-public documents that they deem to contain confidential information. They provide no indication of the categories of documents (personnel files, customer lists, etc.) or the circumstances that lessen the public's interest in access or increase the parties' interests in secrecy. Any protective order entered by the Court must clearly identify the class or type of documents subject to the order and the need for confidentiality

The proposed order also provides that trial testimony can be shielded from public view by counsel's unilateral declaration that the information is "confidential." Absent an extraordinary showing, the courtroom and all proceedings conducted therein will remain open to the public.

The agreed protective order received by the Court will remain lodged in the file, but will not be entered. The parties may resubmit a proposed order if they remedy the deficiencies identified in this letter.

Sincerely,

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge