UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIRBY OFFSHORE MARINE PACIFIC, LLC,

    Plaintiff,

    v.

EMERALD SERVICES, INC., dba EMERALD
ENVIRONMENTAL COMPANY,

    Defendant.

Case No. 2:17-cv-0224RSL

ORDER DENYING DEFENDANT'S
DISPOSITIVE MOTION

This matter comes before the Court on defendant's "Motion to Dismiss." Dkt. # 5. On February 14, 2017, Plaintiff filed this action alleging that Defendant was negligent, breached its warranty of workerlike[1] performance, and breached the contract that Plaintiff and Defendant entered into to clean Plaintiff's ship. Defendant moved to dismiss the breach of contract and breach of warranty claims. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows.

## BACKGROUND

Plaintiff alleges that Plaintiff and Defendant entered into a Master Service Agreement ("the MSA") the terms of which were negotiated between December 2015 and March 2016. Dkt. # 1, ¶ 3.2. Under the MSA Defendant would provide vessel related services to Plaintiff. Id. The

---

[1] This Court acknowledges that the real term is "workmanlike," however as our colleague notes in Prowler LLC v. York Intern, that term is outdated and "workerlike" is more appropriate. No. C06-660JLR, 2007 WL 2363046 at *6 (W.D. Wash. Aug. 14, 2007).

ORDER DENYING DEFENDANT'S DISPOSITIVE MOTION - 1

MSA was never signed, Dkt. # 11 at 3, but Plaintiff asserts that the negotiations between Plaintiff and Defendant resulted in an enforceable contract, either written or oral. Id. at 6.

On April 8, 2016, Plaintiff alleges, it contracted with Defendant to provide cleaning services for KAYS POINT, a tank barge. Dkt. # 1, ¶ 3.3. Defendant provided the cleaning services on April 10, 2016. Id. at ¶ 3.4. Plaintiff claims that while Defendant's employees and/or agents were providing the contracted cleaning services the employees and/or agents opened and/or removed deep well inspection hatches but failed to close or reinstall them. Id. at ¶¶ 3.6, 3.7. Plaintiff states that this caused the fuel cargo to become contaminated. Id. at ¶ 3.7. Plaintiff also alleges that Defendant failed to properly clean the tanks, which resulted in cargo contamination. Id. at ¶ 3.8.

Plaintiff argues that due to Defendant's conduct, Plaintiff had to settle a claim relating to cargo contamination and suffered damages of $973,071.33 or greater. Id. at ¶¶ 5.6, 6.5. Plaintiff's claims of negligence, breach of contract, and breach of warranty arise out of these facts. Id. at ¶¶ 4.1–6.5.

## DISCUSSION

**A. Standard and Scope of Review**

The question is whether the facts alleged in the complaint sufficiently state a plausible ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 520 (2007). The Court will construe the complaint in the light most favorable to the plaintiff. In re Barboza, 545 F.3d 702, 707 (9th Cir. 2008). "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Taylor v. Yee, 780 F.3d 928, 935 (9th Cir. 2015) (internal citation omitted).

When considering a motion to dismiss under Rule 12(b)(6), courts are generally limited to the four corners of the complaint. Campanelli v. Bockrath, 100 F.3d 1476, 1497 (9th Cir. 1996). However, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "All parties must be given a reasonable opportunity to present all the material that is pertinent to the

ORDER DENYING DEFENDANT'S DISPOSITIVE MOTION - 2

motion." Id.  Defendant, in attempt to bolster its motion, presented material outside the pleadings for the Court's consideration. Dkt. # 5, Exhibit A. Plaintiff's responded with their own declarations and exhibits. Dkt. # 11, Exhibit A. Therefore, both parties have had an opportunity to present the material that is pertinent to the motion. Accordingly, summary judgment is the proper standard.

Under Rule 56(a), summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party "bears the initial responsibility of informing the district court of the basis for its motion." Fed. R. Civ. P. 56(c). The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v. County of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Summary judgment is inappropriate if a result other than that proposed by the moving party is possible under the facts and applicable law. City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1049 (9th Cir. 2014). It is not the function of the Court "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). However, the mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient "to avoid summary judgment." City of Pomona, 750 F.3d at 1049; Anderson, 477 U.S. at 252.

**B. Breach of Contract**

"A contract is within admiralty jurisdiction if its subject matter is maritime." Royal Ins. Co. of Am. v. Pier 39 L.P., 738 F.2d 1035, 1036 (9th Cir. 1984) (citing Ins. Co. v. Dunham, 78 U.S. 1, 26 (1871)). "The type of contracts that invoke admiralty jurisdiction are well established. The list includes contracts to furnish services . . . to a particular vessel." Thomas J. Schoenbaum, 1 Admiralty & Mar. Law § 3-10 (5th ed. 2016).  "Basic principles in the common law of contracts readily apply in the maritime context." Cleveo Co. v. Hecny Transp., Inc., 715 F.3d 1189, 1194 (9th Cir. 2013). To determine the basic elements of contract law, the Ninth Circuit

ORDER DENYING DEFENDANT'S DISPOSITIVE MOTION - 3

looks to the Restatement (Second) of Contracts. Id. "The requisite elements of contract formation are offer, acceptance, and consideration." Crowley Marine Serv., Inc. v. Vigor Marine LLC, 17 F. Supp. 3d 1091, 1095 (W.D. Wash. 2014). "The formation of a contract requires a bargain in which there is a manifestation of mutual assent to the exchange and a consideration." Casa del Caffe Vergnano S.P.A. v. ItalFlavors, LLC, 816 F.3d 1208, 1212 (9th Cir. 2016) (quoting Restatement (Second) of Contracts § 17 (1981)).

Therefore, in order for Plaintiff to survive a motion for summary judgment, Plaintiff needs to show a genuine issue of material fact regarding the existence of a contract. Under maritime law contracts can either be oral or written. Kossick v. United Fruit Co., 365 U.S. 731, 734 (1961) ("oral contracts are generally regarded as valid by maritime law."); see also Round Gold LLC. v. Ameron Int'l Corp., No. C07-791Z, 2008 WL 3288408, at *4 (W.D. Wash. Aug. 7, 2008). State law can supplement admiralty law "so long as state law does not actually conflict with federal law or interfere with the uniform working of the maritime legal system." Pac. Merch. Fishing Ass'n v. Aubry, 918 F.2d 1409, 1422 (9th Cir. 1990).

Plaintiff alleges that the MSA is a binding written contract. The MSA was never signed but that does not necessarily preclude the finding of a written contract. See, e.g., Kloss v. Honeywell, Inc., 77 Wn. App. 294, 298–300 (1995) (holding that a binding contract can exist where one party creates a written document and the other party affirms its assent through actions). The MSA contained various terms, which were negotiated between Plaintiff and Defendant in order for Defendant to be on Plaintiff's list of approved vendors. Dkt. # 11 at 7. The Defendant's general counsel, Mr. Malshuk, directed Plantiff's Insurance Coordinator, Ms. Moseman, to change parts of three different sections of the MSA. Dkt. # 12-1, Exhibit A at 2. Ms. Moseman then wrote the general counsel again to confirm the legal name of the company. Id. at 1. On March 16, 2016, Mr. Malshuk confirmed the legal name of the company and Ms. Moseman sent the MSA back with "all of the agreed upon changes." Id. Defendant was added to the list of approved vendors sometime in April 2016, prior to being contacted to clean KAYS POINT. Dkt. # 13, ¶¶ 3–6. Defendant was offered the KAYS POINT job and undertook its cleaning. Id. at

ORDER DENYING DEFENDANT'S DISPOSITIVE MOTION - 4

¶ 6. In support of its position that a contract was not created, Defendant offers a set of emails which show Mr. Metzgler, Vice President of Defendant's parent company, and Ms. Moseman negotiating a new MSA. Dkt. # 5, Exhibit 2. The email string was initiated by Ms. Moseman when she learned that Defendant had been acquired by a new company. Id. Ms. Moseman acknowledged that the MSA had not been signed and invited renegotiation, but was assured that the unsigned MSA would be executed. Id. Based on these facts, a reasonable jury could conclude that a written, although unsigned, contract existed.

Even if there were no written contract, Plaintiff has shown a genuine issue of material fact regarding the existence of an oral contract. On April 8, 2016, Plaintiff asked Defendant to clean the ship, and agreed to pay for the services. Defendant arrived and provided the cleaning services. Therefore, Plaintiff raised a genuine issue of fact as to the existence of a contract and Defendant is not entitled to judgment as a matter of law.

**C. Breach of Warranty**

Defendant also moves for summary judgment on Plaintiff's breach of warranty of workerlike performance claim ("WWLP"). Defendant claims that there is no breach of either an express or implied WWLP because there was no written agreement between Plaintiff and Defendant. See Dkt. # 5 at 5. As discussed above, there is a genuine issue of fact regarding the existence of a contract. Defendant has not shown it is entitled to summary judgment on the either the express or implied warranty claim on the ground that no contract existed.

Defendant argues that the implied WWLP claim fails for a second reason — because it is based solely on property damage. Id. Defendant claims that Plaintiff is only alleging property damage, Dkt. # 5 at 5, and therefore, citing to Phillips Petroleum Co. v. Stokes Oil Co., there should be no implied WWLP. 683 F.2d 1250, 1255–57 (6th Cir. 1988). Defendant does not identify what it considers to be "property damage." Regardless, "a breach of implied [WWLP] allows the plaintiff to recover for all foreseeable and proximately caused loss incurred by the innocent party," including property damage. Thomas J. Schoenbaum, 1 Admiralty & Mar. Law § 5-9 (5th ed. 2016). Additionally, in this district we have applied the implied WWLP to cases

ORDER DENYING DEFENDANT'S DISPOSITIVE MOTION - 5

involving similar losses to that of Plaintiff. See, e.g., Prowler LLC v. York Intern, No. C06-660JLR, 2007 WL 2363046 at *5–7 (W.D. Wash. Aug. 14, 2007) (allowing an implied WWLP claim to go forward where a faulty refrigerator installation damaged the product inside the cargo hold). Even if property damage were not compensable under an implied WWLP theory, Plaintiff is not alleging just property damage. Plaintiff alleges several non-property damages including, but not limited to, "lost charter hire, off-hire expenses, damages related to securing substitute vessels . . . and additional charter related expenses, and delay among others." Dkt. # 11 at 12. Defendant therefore has not shown as a matter of law that Plaintiff is barred from recovering damages under an implied WWLP theory.

## CONCLUSION

Defendant has not met its burden to show that there is no genuine issue of material fact. Accordingly it not entitled to judgment as a matter of law. For the aforementioned reasons, Defendant's dispositive motion, Dkt. # 5, is DENIED.

Dated this 19th day of May, 2017.

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S DISPOSITIVE MOTION - 6