UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                          )
KIRBY OFFSHORE MARINE PACIFIC,            )   No. C17-0224RSL
LLC,                                      )
                                          )
                        Plaintiff,        )
         v.                               )   ORDER GRANTING IN PART
                                          )   DEFENDANT'S MOTIONS IN
EMERALD SERVICES, INC.,                   )   LIMINE
                                          )
                        Defendant.        )
_____)

This matter comes before the Court on "Defendant's Motions in Limine." Dkt. # 28. This matter is scheduled for a bench trial on February 5, 2018. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

**A. General Motions in Limine 1-3, 5, and 6**

Plaintiff opposed these requests for relief, and defendant abandoned them in reply. The motions are therefore denied.

**B. General Motion in Limine 4**

Defendant seeks an order excluding documents that were not previously identified in discovery. Defendant waited until its reply to identify any particular evidence that it believes was improperly withheld, thereby depriving plaintiff of an opportunity to show that the evidence was not responsive to any discovery requests, that it was, in fact, disclosed in a timely manner, that the failure to disclose was substantially justified or is harmless, and/or that a sanction other than exclusion is warranted. The motion is DENIED without prejudice to its being raised at trial.

ORDER GRANTING IN PART DEFENDANT'S
MOTIONS IN LIMINE

**C. General Motion in Limine 7**

Federal Rule of Evidence 408 will govern the admissibility of evidence regarding settlement negotiations between the parties. Absent some indication of the nature of the evidence at issue and the purpose for which it is offered, the Court cannot provide a more concrete ruling on this motion.

**D. Specific Motion in Limine 1**

Defendant seeks to prevent Captain Michael Ahearn from testifying about the condition of the cargo tanks and the cause of the particulate contamination that was found after defendant cleaned the tanks. Captain Ahearn is a marine surveyor who inspected the KAYS POINT when it arrived in Valdez, Alaska. Plaintiff provided documents identifying Captain Ahearn as the surveyor with its initial disclosures in April, 2017, but did not identify him as an expert witness by the date established in the case management order. Plaintiff attempted to categorize Captain Ahearn as a rebuttal witness, but his opinions regarding the condition of the cargo tanks and the cause of the particulate contamination in no way rebut the opinions offered by defendant's expert, Dr. Hudson.

The fact that defendant was aware that Captain Ahearn existed and had relevant knowledge does not excuse plaintiff's failure to disclose him as an expert and to provide a report containing his opinions by the August 9, 2017, deadline. Captain Ahearn will not be permitted to offer expert opinions that were not timely disclosed and that do not rebut the opinions offered by Dr. Hudson. Captain Ahearn may, however, testify regarding conditions or events of which he has personal knowledge (such as the conditions he personally observed in the cargo tanks) or to provide opinions in response to Dr. Hudson's testimony.

**E. Specific Motion in Limine 2**

Defendant seeks to exclude all evidence and testimony regarding the loading and discharge of fuel after the contamination incident at issue here. The Court takes this matter under advisement. If, as plaintiff anticipates, defendant argues that the tanks on the KAYS POINT

could not carry jet fuel without contaminating the cargo, defendant will be permitted to show that other shipments of jet fuel were delivered and accepted without incident, thereby raising an inference that the tanks themselves were not the problem.

**F. Specific Motion in Limine 3**

Defendant seeks to exclude evidence or argument that it has, in the past, closed the inspection blinds without a specific request or instruction to do so because such evidence is insufficient to prove a habit or routine under Fed. R. Ev. 406. Plaintiff does not intend to use the evidence to prove that, in April 2016, defendant acted in accordance with its habitual or routine practice. In fact, the contention is that defendant failed to act in accordance with its past practice. The evidence is relevant in that it helps establish what the industry practice or procedure is in these circumstances and which party had the responsibility for closing the blinds. The evidence will not be excluded.

For all of the foregoing reasons, defendant's motions in limine are GRANTED in part and DENIED in part.

Dated this 31st day of January, 2018.

Robert S. Lasnik
United States District Judge